JAMES COOMBS *vs.* JAMES W. JENKINS & another.

Under a bond to save the grantee of land subject to a mortgage harmless from a second mortgage, and to cause it to be assigned to him within six months, a failure to cause such assignment to be made within the six months will entitle the plaintiff, even after foreclosure of the first mortgage, to maintain an action, and if the estate is not worth more than the sum of the two mortgages, to recover the difference between its value and the amount due on the first mortgage.

ACTION OF CONTRACT upon a bond executed on the 1st of April 1857, to the plaintiff and Aaron P. Small, since deceased, in the sum of three thousand dollars, the condition of which was that the defendants should save the obligees harmless from, and, within six months, cause to be assigned to them, a mort-

gage held by Deane Towne upon lot No. 44 on Union Hill in Worcester, which had been conveyed to the obligees by Larkin Smith, free from all incumbrances except a mortgage of $1700 to Jonathan Webb.

At the trial in this court, without a jury, which was waived by the parties, the defendants admitted the execution of the bond, and that the Towne mortgage had not been assigned to the plaintiff. *Hoar,* J. ordered judgment for the penalty of the bond, and to this order the defendants alleged exceptions.

The case was then referred by agreement of parties to an assessor, the substance of whose report is stated in the opinion, and for the amount of damages found by whom execution was awarded, and the defendants alleged exceptions.

*C. Devens, Jr. & G. F. Hoar,* for the defendants.

*D. Foster & G. W. Baldwin,* for the plaintiff.

MERRICK, J. The failure of the defendants to cause the mortgage for twenty five hundred dollars upon lot No. 44 on Union Hill in Worcester, held by Deane Towne, to be assigned to the plaintiff and Small within six months from the date of the bond declared on, and thereby to secure to them a good title to the estate, except as to a previous mortgage thereon to Jonathan Webb, was a breach of the condition of the bond. It is conceded that the amount due on the Towne mortgage, nominally much more, was at least equal to the entire value of the estate over and above the prior incumbrance. This rendered the redemption of the estate by the plaintiff from the second mortgage useless and unnecessary; and deprived him in fact of the whole value of the property beyond the incumbrance upon it created by the mortgage to Webb. If any loss has accrued from the omission to redeem, it resulted from the failure of the defendants to assign the Towne mortgage to the plaintiff, and thus to help them perform the condition of their bond; and it ought to be borne by the party, by whose omission and failure to perform his contract it has been occasioned. This, upon the facts reported, leads to the conclusion that the plaintiff is entitled to recover of the defendants the difference between the value of the estate and the amount due on the Webb mort-

gage.   The damages reported by the assessor were found upon that basis; and therefore the order of the court that execution should issue upon the judgment for the sum reported by him was correct.                              *Exceptions overruled.*